# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF VERMONT and THE VERMONT HEALTH PLAN,<br><br>                *Plaintiffs*,<br>v.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., TEVA SALES & MARKETING, INC., and TEVA NEUROSCIENCE, INC.,<br><br>                *Defendants*. | Civil Action No. 5:22-cv-00159-gwc<br><br>**Oral Argument Requested** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY OR EXTEND
DEADLINE TO RESPOND TO COMPLAINT**

Teva seeks to put off its deadline to respond to the complaint until 30 days after this Court decides its motion to transfer. Blue Cross, however, has already agreed that Teva may have an additional 60 days to file its response to the complaint. Any further stay or extension—particularly one of unspecified duration—is unwarranted and should be denied.

First, as explained in Blue Cross's opposition to Teva's motion to transfer (ECF No. 29), Teva has not met its substantial burden to show that transfer is warranted, and that Blue Cross should be deprived of its ability to litigate its claims in its home district. Because the case should not be transferred, no further extension of Teva's deadline is appropriate.

Second, Teva waited until the eve of its response deadline to file its motion to transfer, which it could have filed weeks ago. Teva first advised Blue Cross on August 25, 2022, that it intended to seek a transfer of this case to a different district. But Teva waited over a month, until September 26, 2022, to file its motion to transfer. It claims to have waited for service to be completed on Teva Ltd in Israel, ECF No. 24, at 3-4, but since it had already decided to request a transfer, there was no need to wait once the other defendants were served. Teva's delay in filing the motion to transfer weighs against providing a further extension of its deadline.

Third, although Blue Cross has extended professional courtesy in agreeing to a 60-day extension, further delay prejudices Blue Cross's right to a prompt resolution of its claims. Teva's preference to postpone briefing its anticipated motion to dismiss does not outweigh Blue Cross's interest in an expeditious proceeding. Further, the parties should have the benefit of Teva's response to the Complaint before engaging in other pretrial matters (e.g., conferring on a pretrial schedule, *see* L.R. 26(a)(2), exchanging initial disclosures, Fed. R. Civ. P. 26(a), and other discovery). Teva's motion to stay should be denied. Blue Cross does not object to Teva's alternative request for a 60-day extension of its response deadline.

Respectfully submitted,    By: */s/ Bridget Asay*

Bridget Asay
Michael Donofrio
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, Vermont 05602
(802) 858-4285
(802) 858-4465
basay@stris.com
mdonofrio@stris.com

Elizabeth R. Brannen (*pro hac vice*)
STRIS & MAHER LLP
777 S. Figueroa Street, Suite 3850
Los Angeles, CA 90017
(213) 995-6800
ebrannen@stris.com

Lynn Lincoln Sarko (*pro hac vice*)
Gretchen Freeman Cappio (*pro hac vice*)
Matthew M. Gerend (*pro hac vice*)
Natida Sribhibhadh (*pro hac vice*)
Sydney Read (*pro hac vice*)
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
mgerend@kellerrohrback.com
natidas@kellerrohrback.com
sread@kellerrohrback.com

Alison E. Chase (*pro hac vice*)
KELLER ROHRBACK L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel: (805) 456-1496
achase@kellerrohrback.com

*Attorneys for Plaintiffs*

Dated: October 10, 2022