U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 MAR -2 PM 1:48

CLERK

BY_____
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF VERMONT and THE VERMONT HEALTH PLAN, | : |
| *Plaintiffs,* | : |
| v. | : |
| TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., TEVA SALES AND MARKETING, INC., and TEVA NEUROSCIENCE, INC., | : |
| *Defendants.* | : |

Civil Action No. 5:22-cv-00159

## DISCOVERY CONFIDENTIALITY ORDER

WHEREAS, Plaintiffs Blue Cross and Blue Shield of Vermont and the Vermont Health Plan ("Plaintiffs"), Defendants Teva Pharmaceuticals Industries Ltd., Teva Pharmaceuticals USA, Inc., Teva Neuroscience, Inc., and Teva Sales & Marketing, Inc. (collectively, "Defendants" and together with Plaintiffs, the "Parties"), and Non-parties from whom the Parties expect to request documents and testimony, possess confidential information which may be disclosed in providing initial disclosures, responding to discovery requests, or otherwise in these proceedings, and which must be protected in order to preserve the legitimate privacy and business interests of the Parties and Non-parties, and

WHEREAS good cause exists for entry of this Order, *see* Fed. R. Civ. P. 26(c); and

WHEREAS all Parties in their personal and business practices have gone to great lengths to safeguard and protect the confidentiality of the documents and information the disclosure of which would pose a substantial risk of irreparable harm to the producing party's legitimate privacy and proprietary interests, or that of their clients, consumers, or members; and

1

WHEREAS this Discovery Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials of a confidential nature; and

WHEREAS all Parties agree to the terms of this Discovery Confidentiality Order to protect their confidential documents and information;

THEREFORE, in view of the foregoing and because the Parties hereto, by and through their respective counsel, have stipulated to the entry of the following Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c), and having determined that good cause exists for the entry of this Order,

IT IS HEREBY STIPULATED AND ORDERED THAT:

**A.    DEFINITIONS**

1.    As used in this Order:

(a)    "**Action**" means the above-captioned action pending in this Court, including any pretrial, trial, post-trial, or appellate proceedings.

(b)    "**Confidential Information**" shall mean any information, Document, or thing, or portion of any Document or thing: (i) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (ii) that contains private or confidential personal information, or (iii) that contains information received in confidence from third parties, or (iv) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  All information, Documents, and things within the scope of discovery may be designated as containing or comprising Confidential Information.  All copies, abstracts, excerpts, analyses or other writings, to the extent they contain, reflect, reveal, suggest or otherwise Disclose Confidential information, shall also be deemed Confidential Information.  Information, Documents, and things originally

designated as Confidential Information shall not retain that status after any ruling by the Court denying such status.  No material that is in the public domain, or that the producing Person possesses on a non-confidential basis, shall be deemed "Confidential Information" under this Order.

   (c) "**Disclose**" means show, divulge, reveal, produce, send, provide, share describe, transmit, or otherwise communicate, in whole or in part, and "**Disclosure**" means the act of Disclosing.

   (d) "**Document**" means documents or electronically stored information as defined in Fed. R. Civ. P. 34(a).

   (e) "**Highly Confidential - Attorneys' Eyes Only Information**" shall have the meaning specified in Paragraph 3.

   (f) "**Non-party**" means any Person not included in the caption to this matter.

   (g) "**Receiving Party**" means any Party to this litigation that receives documents or other information produced by a Party or Non-party.

   (h) "**Parties**" means collectively the Plaintiffs and Defendants to this Action.

   (i) "**Person**" means any natural person, corporate or business entity, partnership, association, joint venture, governmental entity, or trust.

   (j) "**Protected Information**" means, collectively, information, Documents, and things designated as "**Confidential**" and/or information, Documents, and things designated as "**Highly Confidential - Attorneys' Eyes Only.**"

   (k) "**Protected Person**" means any Person (including a Party or Non-party) who produces any Documents, testimony or other material or information in this Action.

B.   **DESIGNATION OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION**

2.     A Protected Person may designate as "Confidential Information" any information that it provides to a Party or otherwise Discloses pursuant to this Action, to the extent such information constitutes Confidential Information as defined in Paragraph 1(b) of this Order.  Such designations constitute a representation to the Court that such Protected Person believes, in good faith, that the information so designated constitutes Confidential Information.  All Confidential Information shall be used by the Receiving Party solely for purposes of this Action, and shall not be used by the Receiving Party for any other business, commercial, competitive, personal or other purpose.

3.     A Protected Person may designate as "Highly Confidential - Attorneys' Eyes Only Information" any Confidential Information that is nonpublic, highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the producing Party or Non-party's business or competitive position, including but not limited to: (i) highly sensitive trade secrets, intellectual property, or proprietary technical information, including, without limitation, research information, design and technical Documents and internal product specifications; (ii) highly sensitive business, financial or marketing information, including, without limitation, licenses, forecasts, customer lists, pricing data (including but not limited to credits, discounts, returns, allowances, rebates, and chargebacks), cost data, customer orders, sales data (including volumes, profits and revenue), customer quotations, marketing plans, and strategy regarding the same; (iii) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; (iv) highly-sensitive agreements with third parties; (v) claims and reimbursement data; (vi) information protected by federal or state privacy laws; or (vii) information relating to settlement of litigation or negotiations thereof.  Such designations constitute a

4

representation to the Court that such Protected Person believes, in good faith, that the information so designated constitutes Highly Confidential - Attorneys' Eyes Only Information.  All Highly Confidential - Attorneys' Eyes Only Information shall be used by the Receiving Party solely for purposes of this action, and shall not be used by the Receiving Party for any other business, commercial, competitive, personal or other purpose.

      4.     Designation as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information of deposition transcripts and Documents produced during this Action is governed as follows:

      (a)     Whenever discovery is sought by subpoena from a Non-party in this Action after entry of this Order, a copy of this Order shall accompany the subpoena. The Non-party may invoke the terms of this Order with respect to any Protected Information provided to the Parties.

      (b)     A Protected Person that designates as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information any material produced in this Action after entry of this Order must stamp or label the material with the designation "**CONFIDENTIAL**" or if applicable "**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**."  If a Protected Person initially produces Documents for inspection (e.g., because of the volume of materials and to reduce unnecessary copying), in lieu of marking the original of a Document which contains Confidential Information or Highly Confidential - Attorneys' Eyes Only Information prior to such inspection, counsel for the producing Person may in writing designate Documents or things being produced for inspection as containing Confidential Information or Highly Confidential - Attorneys' Eyes Only Information, thereby making them subject to this Order; however, any copies of Documents thereafter provided must be marked by the producing Protected Person in accordance with this Order at the time copies are formally produced.

(c)    If material cannot be labeled, it may be designated Confidential Information pursuant to this Order by placing the legend "**CONFIDENTIAL**" on the label of the storage device containing such Documents, or, if applicable, may be designated Highly Confidential - Attorneys' Eyes Only Information by placing the legend "**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**" on the label of the storage device containing such Documents.    Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container, a label or tag marked "**CONFIDENTIAL**," or, if applicable, may be designated Highly Confidential - Attorneys' Eyes Only Information by affixing to the object or its container, a label or tag marked "**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**." In emergent circumstances, a handwritten designation shall suffice, followed by production of a properly labeled or tagged copy of the Document.

(d)    All deposition testimony shall be treated as containing Highly Confidential - Attorneys' Eyes Only Information and be subject in its entirety to this Order until a time thirty (30) calendar days following receipt of the transcript for review pursuant to Fed. R. Civ. P. 30(e) by counsel for the disclosing Person.  If the disclosing Person or any other Party wishes testimony or information Disclosed at a deposition to be treated as Protected Information thereafter, within thirty (30) calendar days following receipt of the transcript for review pursuant to Fed. R. Civ. P. 30(e), that Person shall designate such testimony or information (or portion(s) thereof) as Protected Information by notifying the Parties in writing, specifying the pages and lines that contain Protected Information and indicating whether the information is to be designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Documents and things already designated as

Protected Information which are used as exhibits shall retain their confidentiality designations without further action of the disclosing Protected Person.

5.      The Parties recognize that, during the course of this litigation, Confidential Information may be produced that originated with a Person other than the producing Person and for which there exists an obligation of confidentiality.  Such information that the producing Person believes is subject to a confidentiality obligation may be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and shall be treated as Protected Information under this Order.  Nothing in this Order prohibits a Party from negotiating a separate order with a third party, provided such order shall not supersede or be in conflict with the terms of this Order.

6.      Nothing in this Order shall be deemed to enlarge or diminish any Person's rights and/or obligations with respect to Protected Information rightfully received at any time under no obligation or a different obligation of confidentiality.  Nothing contained herein shall be construed to restrict Disclosure and use of Documents, information, or things obtained through discovery, whether or not deemed confidential hereunder, to any Person who had previously prepared, lawfully received, or had rightful access to such Documents, information, or things.  Nothing contained herein shall be construed to restrict Disclosure and use by the receiving Party of any Protected Information of another Person should such Documents, information, or things become publicly available through no fault or wrongdoing of the Receiving Party.

7.      If a Person produces a Document or provides information without correctly designating it as Protected Information as provided in this Order, the producing Person or Person whose Protected Information is produced or provided may give written notice to the Receiving Party or Parties that the Document, thing, other discovery information, response, or testimony is Protected Information and shall be treated in accordance with the provisions of this Order.  The

7

Receiving Party or Parties must treat such Documents, things, information, responses, and testimony as Protected Information from the date such notice is received in accordance with the provisions of this Order. Upon receipt of notice of such failure to designate, the Receiving Party or Parties shall reasonably cooperate to address any Disclosure to maintain the confidentiality of the information. However, if the Disclosure was proper when made, then notice by a producing Party or Parties under this Paragraph will not retroactively render that Disclosure a violation of this Order.

8.      Within five (5) business days of providing written notice pursuant to Paragraph 7 that a Document, thing, information, response, or testimony was not correctly designated Protected Information under this provision, the producing Person must provide the receiving Party or Parties with replacement copies of such Documents, things, information, responses, or testimony bearing the proper confidentiality designation. Upon receipt of such replacement copies, the receiving Party or Parties shall return or destroy said unmarked or incorrectly marked Documents, things, information, responses, and testimony.

9.      Nothing herein shall prevent a Party from contending (for the purposes of securing an order so providing from the Court) that any or all Protected Information is not confidential or otherwise not entitled to protection. A Party shall not be obligated to challenge the propriety of any Confidential or Highly Confidential - Attorneys' Eyes Only designation at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto.

10.      Any receiving Party may at any time request that the designating Person cancel or change the Protected Information designation with respect to any Document, thing, information, response, or testimony. Such request shall be written, shall be served on counsel for the designating Person, and shall specifically identify the designated Protected Information that the

receiving Party contends is not entitled to either Confidential or Highly Confidential - Attorneys'

Eyes Only protection and the reasons supporting its contention. If a dispute as to a Confidential

or Highly Confidential - Attorneys' Eyes Only designation of a Document, thing, information,

response, or testimony cannot be resolved by agreement, the Party challenging the designation

may present the dispute to the Court. The Document, thing, information, response, or testimony

that is the subject of the filing shall be treated as originally designated pending resolution of the

dispute. The designating Person retains the burden of proving the protected status of the

Document, thing, information, response, or testimony.

## C.   SCOPE OF DISCLOSURE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION

11.     The recipient of any Protected Information that is provided under this Order shall

maintain such information in a secure and safe area and shall exercise the same standard of due

and proper care with respect to the storage, custody, use and/or dissemination of such information

that would be exercised by a reasonably prudent Person in Receiving Party's position with respect

to its own proprietary and confidential information. Except as authorized by this Order,

information designated as "**CONFIDENTIAL INFORMATION**" pursuant to this Order shall

not be Disclosed to any Person other than as set forth below, and may be Disclosed to and used by

the Persons set forth below only in this Action:

(a)     the Parties, including outside and in-house counsel for the Parties, as well

as members and employees of their companies and firms who are employed by and engaged in

assisting such counsel in this Action, including but not limited to their paralegals and investigative,

secretarial, and clerical personnel;

(b)     a person who prepared, received, or reviewed the Confidential Information

prior to its production here;

(c)       this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified Persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(d)       any arbitrator, mediator, or other non-party alternative dispute resolution practitioner, retained by one or both Parties, including employees of such practitioners;

(e)       During their depositions, witnesses in the action to whom disclosure is reasonably necessary to assist in the conduct of this Action and who have executed the agreement attached hereto as Appendix A, unless otherwise agreed by the Protected Party or ordered by the Court;

(f)       outside experts or consultants (or any employee of such outside expert or consultant) retained, or sought to be retained, by counsel for a Party in this Action, for purposes of consulting, and/or testifying in this Action, to whom counsel in good faith has deemed disclosure of such Confidential Information is reasonably necessary in order to assist in the preparation or the conduct of this Action, as long as these Persons comply with Paragraph 13;

(g)       each Person or firm retained by Plaintiffs or Defendants for the purpose of producing graphic or visual aids (hardcopy and/or electronic) or providing any other litigation support services, as long as these personnel comply with the procedure of Paragraph 13 herein;

(h)       non-technical jury or trial consulting services, including but not limited to mock-trial or focus group "jurors," retained by counsel for a Party; and

(i)       any other person only upon order of the Court or upon written consent of the Party designating the information as Confidential Information.

12.     Except as provided elsewhere in this Order, information designated as "**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION**" may be Disclosed only to the following individuals:

(a)     outside attorneys of record for any Party and stenographic, clerical and paralegal employees or independent contractors (e.g., photocopiers, electronic discovery vendors, translators, interpreters, contract attorneys, etc.) of such attorneys as well as other members, partners, shareholders, associate attorneys, and other employees of such attorneys' law firms. At present, such firms are: Goodwin Procter LLP and Downs Rachlin Martin for Defendants and Keller Rohrback LLP and Stris & Maher LLP for Plaintiffs, but this provision shall include any other law firms whose attorneys enter an appearance on behalf of any Party and sign this Order. Outside attorneys are those not employed by a Party or related entity and include attorneys employed by firms of record even if the individual attorneys have not entered their appearances in this Action or are not otherwise identified specifically on any pleadings.

(b)     a person who prepared, received, or reviewed the Highly Confidential – Attorneys Eyes Only information prior to its production here;

(c)     outside experts or consultants (or any employee of such outside expert or consultant) retained, or sought to be retained, by counsel for a Party in this Action, for purposes of consulting, and/or testifying in this Action, to whom counsel in good faith has deemed disclosure of such Confidential Information is reasonably necessary in order to assist in the preparation or the conduct of this Action, as long as these Persons comply with Paragraph 13;

(d)     any arbitrator, mediator, or other non-party alternative dispute resolution practitioner, retained by one or both Parties, including employees of such practitioners;

11

(e)     each Person or firm retained by Plaintiffs or Defendants for the purpose of producing graphic or visual aids (hardcopy and/or electronic) or providing any other litigation support services, as long as these personnel comply with the procedure of Paragraph 13 herein;

(f)     this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified Persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(g)     non-technical jury or trial consulting services, including but not limited to mock-trial or focus group "jurors," retained by counsel for a Party;

(h)     up to four (4) in-house attorneys of a named Party designated by that Party (the "Designated In-house Attorneys"), provided that before such individuals receive any Disclosure of Highly Confidential - Attorneys' Eyes Only Information as permitted under this Order, each individual shall review and agree to be bound by the terms of this Order by signing the Declaration of Compliance. Subject to the foregoing, the Parties designate the following in-house attorneys:

A.     For Plaintiffs: Rebecca Heintz and Kienan Christianson

B.     For Teva: Conrad Johnson, Brian Savage, Frank Cavanagh, and Norv McAndrew; and

(i)     Any other Person agreed to by the Parties or permitted by the Court, as long as such Persons comply with the procedure of Paragraph 13 herein.

13.     Before any information designated as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information may be Disclosed to any Person specified in Paragraphs 11(e), 11(f), 11(g), 11(h), 11(i), 12(c), 12(e), 12(g), 12(h), or 12(i) of this Order, he,

she, or they must first read this Order or must have otherwise been instructed on his or her obligations under the Order by this Court or counsel for a Party, and shall have executed the agreement included as Appendix A hereto. In the case of disclosure of such information to a firm or business, a single iteration of Appendix A, signed by an officer or managing agent of such business or firm, shall suffice to satisfy the provisions of this Paragraph. Copies of declarations signed by experts, consultants, or other Persons designated in accordance with Paragraphs 11(e), 11(f), 11(g), 11(h) and 12(c), 12(e), 12(g), and 12(h) shall not be provided to opposing counsel.

14. Counsel for the Party making the Disclosure must retain the original of agreements executed pursuant to Paragraph 13 for a period of at least one year following the final resolution of this Action.

15. Each Person described in Paragraph 11 of this Order to whom information designated as Confidential Information is Disclosed, and each Person described in Paragraph 12 to whom information designated Highly Confidential - Attorneys' Eyes Only Information is Disclosed, must not Disclose that Confidential Information or Highly Confidential - Attorneys' Eyes Only Information to any Person except as provided in this Order.

16. Nothing in this Order:

(a) limits a Person's use or Disclosure of its own information designated as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information;

(b) prevents Disclosure of Confidential Information or Highly Confidential - Attorneys' Eyes Only Information to any current employee of the Person that designated the information as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information;

(c)    prevents Disclosure of Confidential Information or Highly Confidential -
Attorneys' Eyes Only Information with the consent of the Person that designated the information
as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information; or

(d)    limits a Party's use of non-Protected Information.

**D.    DISCLOSURE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY INFORMATION IN THIS ACTION IN COURT
FILINGS AND IN OPEN COURT**

17.    Before filing material designated Confidential or Highly Confidential – Attorneys'
Only or discussing or referencing such material in court filings, the filing Party may provide
advance notice of its intent to do so to the designating Party or Non-Party. When the filing Party
provides such advance notice, the filing Party and designating Party or Non-Party will confer in
good faith within three (3) business days to determine whether the designating Party or Non-Party
will remove the designation. Any agreement to remove designations in whole or in part will be
confirmed in writing.

18.    If any information designated under this Order by any Person as Confidential
Information or Highly Confidential - Attorneys' Eyes Only Information is included in any
pleading, motion, exhibit, or other paper to be filed with the Court, the Person seeking to file such
material shall contemporaneously file a Motion to Seal such papers seeking to shield such material
from public Disclosure and shall comply with the procedures required by D. Vt. L.R. 5.2. The
filing Party must state in the Motion to Seal that the information requested to be sealed has been
designated Confidential or Highly Confidential – Attorneys' Eyes Only by another Party or by a
Non-Party. If the information requested to be sealed has been designated Confidential or Highly
Confidential Attorneys' Eyes Only by another Party, the designating Party must within 14 days
file a memorandum in support of the Motion to Seal. If the information requested to be sealed has

14

been designated Confidential or Highly Confidential – Attorneys' Eyes Only by a Non-Party, Paragraph 20 applies.

19.     Nothing in this Order prohibits a Party from challenging a designation of information as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information pursuant to Paragraph 10 of this Order, and nothing in this Order shall restrict any Person, including any member of the public, from challenging the filing of any Confidential Information or Highly Confidential - Attorneys' Eyes Only Information under seal.  The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as Protected Information and filed in accordance with this Section D.  The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.

20.     If any Confidential Information or Highly Confidential - Attorneys' Eyes Only Information that is the subject of the Motion to Seal belongs to a Non-party, the filing party shall serve a copy of the motion on the Non-party at the time of filing.  The filing party will also make reasonable efforts prior to filing (unless the urgency of the filing precludes doing so) to obtain from the Non-party a statement of the basis for the confidentiality designation, and if so provided, will include that statement in the Motion to Seal. The Non-party may within 14 days of the filing of the Motion to Seal file a memorandum in support of the motion.

21.     It shall be the duty of each Party and each Person having notice of this Order to comply with this Order from the time of such notice.

22.     Nothing in this Order shall prohibit a Party from requesting that the Person(s) claiming confidentiality release the designated Pleading and Discovery Materials from the confidentiality restriction for all purposes or for limited purposes (such as to show certain

15

designated Persons). Any such requests and resulting permission shall be in writing and shall be considered by the designating Person in a reasonable manner.

23.     If a Party seeks to question a witness at a deposition, hearing, or trial about Protected Information that the witness is not otherwise authorized to access under this Order, the Party who wishes to Disclose the Protected Information must first seek permission to do so from the Person who designated the material as being Protected Information.  If permission is denied, the Party seeking to Disclose the Protected Information may present an application to the court for leave to Disclose the information at issue to the witness.  In making such an application, the burden shall be on the requesting Party to demonstrate good cause for making the Disclosure.

24.     Nothing contained in this Order shall be construed to limit any Party's rights to use the other Party's Protected Information in deposing or questioning at trial the other Party or the other Party's current employees or experts, or to Disclose at a deposition or at trial Protected Information to any witness who either wrote (in whole or in part), received, or lawfully has or had rightful access to such information.

25.     In addition, a witness may be shown any Document that contains or reveals Protected Information if the witness (a) is a 30(b)(6) witness testifying on behalf of the designating Person; (b) is a present officer, director or employee of the designating Person; (c) was an officer or director of the designating Person at the time the Document was sent and/or created and who is not at the time of the deposition, hearing, or trial employed by a competitor of the designating Person, as determined by the designating Person; (d) was an employee of the designating Person at the time the Document was sent and/or created whose duties or position while employed by the designating Person would have provided access to the type of Protected Information at issue and who is not at the time of the deposition, hearing, or trial employed by a competitor of the

designating Person, as determined by the designating Person; or (e) previously had actual lawful access to or prior knowledge of the Document as demonstrated by the Document itself or by foundational testimony.

26.     Nothing in this Order shall prevent counsel from examining a witness to determine whether he or she has prior knowledge of Protected Information as described in subsection (e) of Paragraph 25, provided such examination shall be in a manner that does not Disclose the details of the designated Documents and further provided that any Protected Information so used shall not lose its confidential status as a result of such use but instead shall retain its confidentiality designation in accordance with this Order.

**E.      PRODUCTION OF PRIVILEGED INFORMATION**

27.     Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product-protected Documents or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. The production of Documents or information subject to another applicable privilege or protection from disclosure available by rule of evidence, statute, or common law, whether inadvertent or otherwise, is not a waiver of such privilege or protection from discovery in this case or in any other federal or state proceeding. For avoidance of doubt, "production" includes a Party's written discovery responses. In addition, if a Party makes Documents subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection available for inspection, such production shall not be considered a waiver of the privilege or protection from Disclosure in this Action or any other federal or state proceeding.

28.     When a producing Party gives notice to receiving Parties that certain produced material is subject to a claim of privilege or other protection from discovery, the receiving Parties

shall treat such material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Said notice by a producing Party must (a) request in writing the return of the produced Document(s) or information, and (b) provide the information required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

29.   Upon receiving written notice that a Party or Protected Person has produced privileged or otherwise protected Documents or information, the Party or Parties that received said Documents or information shall not review, copy or disseminate such Documents or information until the claim of privileged or protection is resolved. The Party that received said Documents or information shall, within three (3) business days, return all copies, including all copies in the possession of those Persons identified in 11(d)-11(i) inclusive or 12(c)-12(e) inclusive and 12(g)-12(i) inclusive, of this Order, to the Protected Person that produced the material, or certify that all such copies have been destroyed or sequestered, and certify that it has destroyed or sequestered all notes, excerpts, summaries, or any other materials containing information from said Documents or information. The Party that received said Documents or information may promptly present the Documents or information to the court under seal for a determination of the claim, in compliance with Fed. R. Civ. P. 26(b)(5)(B) and Paragraph 30.

30.   If the Receiving Party contends the Document or information is not privileged or protected by the work-product doctrine, the Receiving Party shall notify the producing Person within three (3) business days of receiving notice of the production and the information required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii) that it intends to present the Document or information to the Court under seal for a determination of the claim pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). Once the Receiving Party notifies the producing Person that it intends to present the Document or information to the Court for a determination of the claim, the Parties

must meet and confer within 5 business days. If the Parties are unable to reach agreement, the Party seeking to use the Document or information must present the Document or information to the Court within fourteen (14) days of said meet and confer. The filing shall be made under seal as described in Paragraph 18 of this Order. In connection with such a filing, the challenging Party shall comply with Fed. R. Civ. P. 26(b)(5)(B) governing the use of the challenged document and shall not assert the fact or circumstances of its production by the Person asserting the materials are privileged. The Person asserting the privilege retains the burden of proving the privileged status of the Document or information and may file its opposition under seal.

31.     The Receiving Party shall notify the producing Party or Protected Person of any discovery of any apparently privileged materials within five (5) business days of such discovery. If the producing Party or Protected Person contends the materials are privileged or otherwise protected from discovery, the producing Party or Protected Person must provide the notice described in Paragraph 28 within three (3) business days. If the producing Party or Protected Person timely provides that notice, the provisions of Paragraphs 28-30 apply. The Receiving Party shall comply with Fed. R. Civ. P. 26(b)(5)(B) unless and until the time for the producing Person to provide the notice described in Paragraph 28 has expired and no notice has been provided.

**F.      PROCEDURES UPON TERMINATION OF THIS ACTION**

32.     The provisions of this Order shall survive the termination of this Action.  Within sixty (60) days after a final order has been entered terminating this case and from which no appeal can or has been taken, all Parties that received Protected Information shall return it to the Protected Person or, at the option of counsel in possession of such copies, shall destroy all Documents, information and things produced as or designated as Protected Information, including extracts or summaries thereof, and all reproductions thereof, including but not limited to that given to experts

and inside counsel.  If the materials are destroyed, counsel responsible for the destruction shall within ten (10) calendar days of such destruction certify to counsel for the designating Person that destruction has taken place.

33.     Notwithstanding the foregoing, provided counsel do not disclose such materials to any Person except pursuant to the terms of this Order or other court order, or pursuant to agreement with the Person(s) who designated the information as Protected Information, outside counsel and the designated in-house legal representatives for each Party may retain archival copies of all documents filed with the court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consult and expert work product, even if such materials contain Protected Information, so long as the terms of this Protective Order will continue to govern any such retained materials. Outside counsel and the designated in-house legal representatives for each party need not purge their email, document management systems, or back-up storage media, provided, however, that any Protected Information contained in such documents retained by counsel shall remain subject to the provisions of this Protective Order.

## G.     RIGHT TO SEEK MODIFICATION

34.     This Order may be amended with respect to (a) specific Documents or items of Protected Information or (b) Persons to whom Protected Information may be Disclosed, by Court order. This Order shall remain in force and effect indefinitely until modified, superseded or terminated by order of this Court.

35.     Nothing in this Order prevents any Person, including members of the public, from seeking modification of this Order, upon motion made pursuant to the rules of this Court.

**H.    MISCELLANEOUS**

36.    This Order is intended to provide a mechanism for handling the Disclosure or production of Protected Information to which there is no objection other than confidentiality. Neither (a) the agreement of the Parties with respect to Protected Information, (b) the designation of any information, Document or the like as Protected Information, nor (c) the failure to make such designation shall constitute evidence with respect to any issue on the merits in this action.

37.    This Order is without prejudice to the right of any Person to seek further or additional protection of Documents, information, or things for which the protection of this Order is not believed by such Person to be adequate.  Nothing in this Order shall be deemed to bar or preclude any Person from seeking such additional protection, including, without limitation, an order that certain matters may not be discovered at all.

38.    If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of another Person's Protected Information, that Party must: (a) promptly notify the designating Person in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the Person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement and provide a copy of this agreement; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Person whose Protected Information may be affected.

39.    The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided herein, shall not relieve any Person of the obligation of producing documents, information, or things in the course of discovery.

40.     Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of Protected Information produced or exchanged in this action; provided, however, that in rendering such advice and in otherwise communicating with a Person not entitled to view any Protected Information, the attorney shall not Disclose the contents of Protected Information produced by any other Party or Non-party.

41.     All notices required by any paragraph of this Order are to be made by email to counsel representing the noticed Person.  The date by which a Person receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  For any notice required under this Order, notice received after the close of business (6:00 p.m. Eastern time) shall be deemed received on the following working day.  Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the Person from whom waiver is sought.  Unless otherwise noted, all specified time periods are in calendar days.

42.     Each individual who receives information designated as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information under this Order agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

43.     This Order is binding on the Parties, including their respective parents, subsidiaries, affiliates, attorneys, and agents.

44.     Any Person who has designated a Document or information as Protected Information may remove such Document or information from the scope of that protection by notifying all counsel for all Parties of its desire to do so.

**We hereby consent to the form and entry of this Stipulated Discovery Confidentiality Order.**

Dated:  February 27, 2023

Lynn Lincoln Sarko (*pro hac vice*)
Gretchen Freeman Cappio (*pro hac vice*)
Matthew M. Gerend (*pro hac vice*)
Natida Sribhibhadh (*pro hac vice*)
Sydney Read (*pro hac vice*)
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
mgerend@kellerrohrback.com
natidas@kellerrohrback.com
sread@kellerrohrback.com

Alison E. Chase (*pro hac vice*)
KELLER ROHRBACK L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel: (805) 456-1496
achase@kellerrohrback.com

Respectfully submitted,

By: /s/ Michael Donofrio

Michael Donofrio
Bridget Asay
STRIS & MAHER LLP
15 East State Street, Suite 2
Montpelier, Vermont 05602
(802) 858-4465
(802) 858-4285
mdonofrio@stris.com
basay@stris.com

Peter Stris (*pro hac vice*)
Elizabeth R. Brannen (*pro hac vice*)
STRIS & MAHER LLP
777 S. Figueroa St., Suite 3850
Los Angeles, CA 90017
(213) 995-6800
pstris@stris.com
ebrannen@stris.com

*Attorneys for Plaintiffs*

By: /s/ Matthew S. Borick

Matthew S. Borick
DOWNS RACHLIN MARTIN PLLC
Courthouse Plaza
199 Main Street, Suite 600
Burlington, VT 05401
(802) 863-2375
(802) 862- 7512
mborick@drm.com

Christopher T. Holding (*pro hac vice*)
Daryl L. Wiesen *(pro hac vice)*
Alicia Rubio-Spring (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1947
CHolding@goodwinlaw.com
DWiesen@goodwinlaw.com
ARubio-Spring@goodwinlaw.com

Brian T. Burgess (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000
BBurgess@goodwinlaw.com

***Attorneys for Defendants***

**APPROVED AND SO ORDERED:**

DATED: _____2 March 2023_____          _____

Chief Judge
U.S. District Court, District of Vermont

24