UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BLUE CROSS AND BLUE SHIELD OF )
VERMONT and THE VERMONT HEALTH )
PLAN, )
                                                     )
      Plaintiffs, )
                                                     )
   v. )    Case No. 5:22-cv-159
                                                     )
TEVA PHARMACEUTICALS )
INDUSTRIES LTD., TEVA )
PHARMACEUTICALS USA, INC., TEVA )
SALES & MARKETING, INC., and TEVA )
NEUROSCIENCE, INC., )
                                                     )
     Defendants. )

## SUPPLEMENTAL ORDER ON DISCOVERY CONFIDENTIALITY ORDER

I write to supplement the joint proposed discovery order, which I have signed with the exception of the reference at paragraph 23 to hearings and trials, which I have struck. (*See* Doc. 64.) Admissibility of documents at court hearings is governed by principles of relevance, hearsay, and privilege—not by the parties' preference for confidentiality. Almost any document admitted at a hearing or trial in open court will become public. There are exceptions to this rule for strictly private information such as a child's name or an individual's health history, but these are not likely to apply in a commercial dispute.

I write more broadly to require the parties to be thoughtful and sparing in their designation of documents as confidential. In other cases, this process threatens the common law right of public access to court proceedings. Here is what has happened: junior members of the litigation teams who conduct document review are entrusted with the authority to designate a document as confidential with minimal oversight by senior lawyers. A junior lawyer or legal

assistant (or for that matter a senior attorney) is often motivated to err on the side of over-designation. Law firm employees and contractors face potential criticism for releasing documents, not from turning them over on a restricted basis. Once marked as confidential, the designation is rarely reviewed and lasts for the duration of the case. Briefs and exhibits making reference to these documents are submitted in two versions: redacted and unredacted. The court is obliged to review and make determinations about the sealing of extremely conventional information, including material sent to third-parties or used in publicity campaigns. Much time is spent by the court and the parties in redacting information which is neither sensitive nor even relevant to the dispute. The court's electronic docket becomes very difficult to use if the legal memos are redacted. Both the judge and the public are greatly hampered in their efforts to understand the basis for the parties' positions and filings.

If the designation process interferes with the court's ability to rule on motions or the public's right to access to information about how the court is making decisions, the court will replace the stipulated order with a far simpler order that restricts designation to truly sensitive information. This will happen rather quickly following a show-cause hearing. I am sure with experienced counsel in this case there will be no problem with over-designation or with cumbersome, redacted filings that neither a judge nor a member of the public can read easily and with full understanding.

I am strongly committed to maintaining an open court process in which sealing and secrecy are kept to a minimum in cases that do not involve personal information. This perspective is consistent with Second Circuit precedent. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (Katzmann, J.) (noting common law right of public access to judicial documents based on the need for judicial accountability and public confidence

in the administration of justice; citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995), and *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The social cost of excessive secrecy includes a weakening of the public's understanding and trust in the judiciary. That is a cost we can ill afford. I look forward to being joined in this effort to maintain a transparent process by the attorneys from both sides.

Dated at Burlington, in the District of Vermont, this 2nd day of March, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court