

Bridget C. Asay
PARTNER

STRIS & MAHER LLP
15 East State Street, Ste 2
Montpelier, VT 05602
stris.com

basay@stris.com
802.858.4285

December 6, 2023

VIA ECF ONLY
Hon. Geoffrey W. Crawford
Chief Judge
U.S. District Court, District of Vermont
P.O. Box 478
Rutland, Vermont 05702-0478

      Re:    *Blue Cross and Blue Shield of Vermont et al. v. Teva Pharmaceutical Indus., Ltd.*, No. 5:22-cv-159

Dear Chief Judge Crawford:

      Plaintiffs respectfully submit this Notice of Supplemental Authority supporting their opposition to Teva's motion to dismiss for failure to state a claim (ECF No. 58): *Mayor and City Council of Baltimore v. Merck Sharp & Dohme Corp.*, No. 23-cv-828, 2023 WL 8018980 (E.D. Pa. Nov. 20, 2023), a copy of which is attached as Exhibit A.

      *Merck* is analogous to this case in several respects, and the *Merck* defendants raised many of the same legal arguments as Teva's Motion to Dismiss here (*see* ECF No. 49). Both cases are putative class actions brought on behalf of health plan payors (also referred to as indirect purchasers or third party payors) against defendant pharmaceutical companies. In both actions, moreover, plaintiffs allege that the defendants used anticompetitive conduct to suppress competition and maintain monopoly power in the market for a pharmaceutical product.

      In *Merck*, the court denied defendants' motion to dismiss, with the exception of two state law consumer protection act claims that are not at issue here. The court held, *inter alia*, that because state antitrust statutes are interpreted "in parallel, if not identically" to federal antitrust laws, anticompetitive conduct that is sufficient to plead federal antitrust claims is also sufficient to plead state antitrust claims. Ex. A at *11 (citation omitted). Further, the court determined that "where a class action asserts federal antitrust, state antitrust, and state consumer protection claims all rooted in the same anticompetitive conduct, the complaint's antitrust allegations are generally sufficient to support their consumer protection claims at the dismissal stage." Ex. A at *11.

      With regard to specific state statutory challenges of relevance here, the court held:

December 6, 2023

- The Illinois Antitrust Act permits indirect purchasers to bring class action claims in federal court. Ex. A at *13–14; *see also* ECF No. 58 at 40–42.

- A nationwide anticompetitive scheme has a sufficient intrastate connection for the purposes of Mississippi and Tennessee's antitrust laws where a pharmaceutical product is shipped into each state, where purchasing decisions were manipulated within each state, and where payors paid excessive prices within each state. Ex. A at *12–13; *see also* ECF No. 58 at 43–48.

- Claims under the Utah Antitrust Act should not be dismissed where the complaint alleges the class includes Utah citizens or residents, even if no named plaintiff is a Utah citizen or resident. Ex. A. at *14; *see also* ECF No. 58 at 48.

- The "nexus" requirement of certain state consumer protection laws is satisfied by allegations that a nationwide scheme raised prices for pharmaceutic products in those states. Ex. A at *15; *see also* ECF No. 58 at 55–56.

- Health plan payor plaintiffs, such as Plaintiffs in this case, are "persons" or "consumers" and may sue under the consumer protection statutes of California, the District of Columbia, Hawaii, Missouri, Montana, Rhode Island, Utah, and Vermont. Ex. A at *15–18; *see also* ECF No. 58 at 49–50.

- Claims under the Florida Deceptive and Unfair Trade Practices Act are not subject to Rule 9(b) unless they allege fraud. Ex. A at *20; *see also* ECF No. 58 at 52–53.

Plaintiffs accordingly submit the *Merck* decision for the Court's consideration.

                      Respectfully Submitted,

                      /s/ Bridget Asay
                      Bridget Asay
                      Michael N. Donofrio

                      *Counsel for Plaintiffs*