

December 18, 2023

Matthew S. Borick<br>
Tel: (802) 846-8344<br>
mborick@drm.com

**VIA ECF**

Hon. Geoffrey W. Crawford
United States District Court for the District of Vermont
P.O. Box 478
Rutland, Vermont 05702-0478

Re:   *Blue Cross and Blue Shield of Vermont et al. v. Teva Pharmaceuticals Indus., Ltd. et. al.*, Civil Action No. 5:22-cv-159

Dear Chief Judge Crawford:

This firm, along with Goodwin Procter LLP, represents Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., Teva Neuroscience, Inc., and Teva Sales & Marketing, Inc. (collectively, "Teva") in the above-referenced matter. As you are aware, currently before this Court is Teva's Motion to Dismiss the Complaint (ECF No. 1) under Rule 12(b)(6) (ECF 49). We are writing to respond to the letter dated December 6, 2023, submitted by Plaintiffs (ECF 76) ("Plaintiffs' Letter") regarding *Mayor and City Council of Baltimore v. Merck Sharp & Dohme Corp.*, No. 23-cv-828 (E.D. Pa. Nov. 20, 2023).[1]  As explained below, the *Merck* decision discussed in the Plaintiffs' Letter does not support allowing this case to move forward.

**Claims Under State Consumer Protection Laws:**  Plaintiffs refer to the *Merck* court's statement that state antitrust laws are generally interpreted in parallel to the federal antitrust law and that antitrust allegations are "generally" sufficient to support consumer protection claims. But that assertion, by one out-of-circuit district court, does not suggest that Plaintiffs have satisfied their pleading burden for the specific state-law claims asserted here, particularly in the face of the contrary authority cited by Teva.  Mot. (ECF 49) at 50-60; Reply (ECF 70) at 23-25.

Similarly, the *Merck* court's conclusion that allegations of a nationwide sale of products are sufficient to plead an intrastate nexus for *certain* state consumer protection statutes that are at issue in that case does not cure the deficiencies in Plaintiffs' claims.  The *Merck* court did not engage with, much less distinguish, any of the rulings to the contrary regarding the overlapping jurisdictions at issue in Plaintiffs' case, *i.e.*, California, Florida and New Hampshire.  Mot. (ECF 49) at 57-60.

Plaintiffs point to the *Merck* court's rulings regarding whether entities like Plaintiffs may bring claims that apply to consumers or persons under various state consumer protection statutes. Defendants challenge only the New York and Vermont claims on this basis, and the *Merck Court* did not address New York state law.  For the claims under the Vermont consumer protection statute, the *Merck* court did not address persuasive authority holding that businesses cannot assert

---

[1] The *Merck* decision is attached as **Exhibit A** to the Plaintiffs' Letter.  ECF 76-1.

Hon. Geoffrey W. Crawford
December 18, 2023
Page 2

claims on behalf of consumers for whom they purchased product under either state's laws. Mot. (ECF 49) at 51-52; Reply (ECF 70) at 23-24.

Plaintiffs also cite the *Merck* decision to support the proposition that the Florida Deceptive and Unfair Trade Practices Act is not subject to the Rule 9(b) pleading standard. But that is because the claims at issue in *Merck* were not premised on deceptive and fraudulent conduct; here, the relevant claims do allege deceptive and fraudulent conduct against the Defendants, which triggers the Rule 9(b) heightened pleading requirement. Mot. (ECF 49) at 53 (citing Consol. Compl. ¶¶ 303, 314, 326, 337, 347, 360, 372).

**Claims Under State Antitrust Laws:** Plaintiffs refer the Court to the *Merck* court's conclusion that the Illinois Antitrust Act permits class-action claims by indirect purchasers under federal law. But that ruling is inconsistent with the majority view across district and Circuit courts that have considered this issue. *See* Mot. (ECF 49) at 45.

With respect to the Utah Antitrust Act claims, Plaintiffs refer to the *Merck* decision to claim that the named plaintiffs need not be citizens or residents of Utah to bring claims on behalf of absent class members. The *Merck* court acknowledged a split of authority on the issue and deferred a ruling until the class certification stage. Defendants respectfully urge the Court to dismiss now by applying the majority rule, which requires one named plaintiff be a citizen or resident of Utah. *In re Effexor Antitrust Litig.*, 357 F. Supp. 3d 363, 393 (D.N.J. 2018); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 419 (D.N.J. 2018).

Plaintiffs refer to the *Merck* decision to claim that their allegations are sufficient to plead an intrastate connection under the Mississippi and Tennessee antitrust statutes. However, the *Merck* court does not engage with or distinguish any of the rulings to the contrary regarding the Mississippi or Tennessee law. Mot. (ECF 49) at 47-49.

* * * * *

We thank the Court for its attention to this matter and are available should Your Honor or Your Honor's staff have any questions or need anything further.

Respectfully submitted,

*/s/ Matthew S. Borick*

Matthew S. Borick
Counsel for Defendants

cc:  Counsel of Record (via ECF)

