UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF VERMONT and THE VERMONT HEALTH PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA SALES & MARKETING, INC., and TEVA NEUROSCIENCE, INC.,<br><br>Defendants. | Case No. 5:22-cv-159 |

**ORDER CONCERNING DEFENDANTS' OBJECTION TO SPECIAL MASTER'S RECOMMENDATION ON DISCOVERY DISPUTE (Doc. 130)**

In this antitrust pharmaceutical case, the court has delegated responsibility in the first instance to Special Master Christina Nolan to resolve discovery disputes. (Doc. 105.) Ms. Nolan continues to serve with distinction in this role in addition to her role as settlement master.

On March 3, 2025, the special master forwarded her "Recommendation Regarding Plaintiff's Motion to Compel Documents Responsive to RFP Nos. 10 and 21." (Doc. 136.) Defendants filed a limited objection to the recommendation. (Doc. 130.) Plaintiff filed a response advocating for the adoption of the recommendation. (Doc. 132.) Defendants have filed a reply. (Doc. 134.)

The special master's recommendation concerns two disputes:

- RFP 10: Production of drafts of presentations to the board prepared before the final versions shown to the board members at meetings concerning specifically Copaxone and related products ("Other Glatiramer Acetate Products").

- RFP 21: Production of drafts of presentations concerning broader categories of documents such as "antitrust compliance policy, code of conduct, code of ethics, whistleblower policy, or charitable donations policy."

The special master recommended granting the motion to compel with respect to RFP 10. She proposed that Defendants be ordered to produce drafts that include discussions of Copaxone. She proposed denying the motion with respect to RFP 21 because final presentations have already been produced (or are the subject of ongoing production) and *drafts* of presentations on these general subjects are "unlikely to contain information that will be relevant to the specific issues in this case given their high-level nature." (Doc. 136 at 3.)

The court ACCEPTS the recommendations of the special master. As to RFP 10, the court orders that final and draft versions of presentations to the board concerning Copaxone and related products be produced. Defendants' assertions that the materials sought are necessarily irrelevant and that compelling their production would be overly burdensome are unpersuasive. Sales and marketing of Copaxone lie at the heart of this case, and changes between drafts and final versions of board presentations may cast light on the defendants' planning and intent.

With respect to the more general request contained in RFP 21, the court agrees with the special master that an initial draft of a PowerPoint deck concerning, for example, charitable donations policy is unlikely to contain relevant information that does not also appear in the final version. The scope of such an inquiry over many years, successive drafts, and multiple general subjects is vast and unlikely to turn up enough relevant information to justify such a broad search.

The court adds a note about future procedures. In this case, the court has responded to an objection to a recommendation by the special master. There is not actually a motion to compel

filed with the court. In future, it would be better practice for the party seeking discovery to file a motion to compel with the master's recommendation attached as an exhibit. Following the exchange of a response and reply, the court will have a specific motion to resolve and if the issue becomes relevant on appeal, it will be easy to see the motion and the district court ruling.

## CONCLUSION

The court ADOPTS the recommendations of the special master as these appear in Doc. 136.

Dated at Burlington, in the District of Vermont, this 2nd day of April, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court