UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUL 15 PM 2: 10

CLERK
BY EU
DEPUTY CLERK

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF VERMONT and THE VERMONT HEALTH PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICAL INDUSTRIES, LTD., TEVA PHARMACEUTICALS USA, INC., TEVA SALES & MARKETING, INC., and TEVA NEUROSCIENCE, INC., <br><br> Defendants. | Case No. 5:22-cv-159 |

## ORDER ON OBJECTION TO SPECIAL MASTER'S RECOMMENDATION

Defendants have submitted one objection to the Special Master's Recommendation Regarding the Parties' Deposition Protocols (Doc. 158), asserting that the seven-hour time limit imposed for a deposition includes time spent by a witness in other litigation involving essentially the same defendants in the District of New Jersey. (*See* Doc. 159.) Plaintiffs oppose Defendants' objection. (*See* Doc. 162.)

Rule 30(d)(1) of the Federal Rules of Civil Procedure states in relevant part that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." The Teva defendants seek to limit the total time to seven hours with any single witness even though some of that time will necessarily be taken up by questions from attorneys not involved in the Vermont case. By necessary implication, Teva defines "a deposition" to include depositions noticed in other litigation.

The court rejects Teva's position and upholds the position of the special settlement master. The deposition that is limited to seven hours is the deposition noticed in this particular case. The time is not shared with attorneys and parties in other cases. Taken to its logical limit, Teva's position would prevent Blue Cross from questioning any witness who had already spent seven hours in deposition in a similar case. The rule imposes no such restriction. Counsel for Blue Cross and Blue Shield is entitled to the full seven hours with each of the witnesses whom it notices for deposition. *See Soft Drink, Brewery Workers & Delivery Emps., Indus. Emps., Warehousemen, Helpers & Misc. Workers, Greater N.Y. & Vicinity, Loc. Union No. 812 v. Ulrich*, No. 17 Civ. 137, 2021 WL 2227921, at *4 (S.D.N.Y. June 1, 2021) (Rule 30(d)(1) would permit witness being deposed in two different cases to be questioned for a total of 14 hours). Noting overlap between the two cases in *Ulrich* and the witness's medical conditions, the court in that case limited the total questioning to 12 hours. *Id.* The court finds no basis for such an across-the-board reduction as to all witnesses in this case.

Defendants' Objection (Doc. 159) is denied and the court ADOPTS the Special Master's Recommendation Regarding the Parties' Deposition Protocols (Doc. 158) in full. The court emphasizes the Special Master's recommendation that "[i]f other Copaxone plaintiffs cross-notice a deposition in this case, the parties should meet and confer in good faith concerning the scheduling and duration of the deposition." (Doc. 158 at 2.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 15th day of July, 2025.

_____
Geoffrey W. Crawford, Judge
United States District Court