

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUN 17 A 10: 55

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* TO LABOR-MANAGEMENT HEALTHCARE FUND<br><br>Served in *Blue Cross and Blue Shield of Vermont, et al. v. Teva Pharmaceutical Industries, Ltd., et al.*, Case No. 5:22-cv-00159-gwc (D. Vt.)<br><br>and<br><br>IN RE SUBPOENA *DUCES TECUM* TO NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL FUND<br><br>Served in *Blue Cross and Blue Shield of Vermont, et al. v. Teva Pharmaceutical Industries, Ltd., et al.*, Case No. 5:22-cv-00159-gwc (D. Vt.) | Misc. Case No. 2:26-mc-58<br><br><br><br><br><br>Misc. Case No. 2:26-mc-66 |

**ORDER ON MOTIONS TO COMPEL**
**(Doc 1 in No. 26-mc-58 and Doc. 1 in No. 26-mc-66)**

Teva Pharmaceuticals Industries, Ltd., Teva Pharmaceuticals USA, Inc., Teva

Neuroscience, Inc., and Teva Sales & Marketing, Inc. (collectively "Teva" or "Defendants")

move to compel production of documents they have subpoenaed from third-parties Labor-

Management Healthcare Fund ("LMHF") and New York State Teamsters Council Health and

Hospital Fund (NYSTC"), in connection with a pending antitrust action against Teva in this

district: *Blue Cross and Blue Shield of Vermont v. Teva Pharmaceutical Industries, Ltd.*,

No. 5:22-cv-159.[1]  LMHF and NYSTC are union-sponsored health insurers who have

---

[1] Because this Order relates to No. 22-cv-159, the court requests that the clerk file a copy
of this Order on the docket in that case as well.

reimbursed members for prescription costs for the drug Copaxone. The motions to compel were originally filed in the Northern and the Western Districts of New York where these entities are located. The cases were transferred to the District of Vermont.

LMHF and NYSTC are both named plaintiffs in a consolidated antitrust case now pending in the District of New Jersey: *In re Copaxone Antitrust Litigation*, No. 2:22-cv-1232. Defendants have also served City Council of Baltimore—also a plaintiff in the New Jersey lawsuit—with a similar subpoena. The third-party witnesses are represented by the same attorneys who represent them as plaintiffs in the New Jersey case. The witnesses oppose the discovery requests on grounds of timeliness and because they state they amount to impermissible "cloned discovery." They also assert that a response would be unduly burdensome and that the materials sought are irrelevant.

The court held a hearing on the two motions to compel on June 12, 2026.

## ANALYSIS

Although this discovery issue comes before the court in the form of a motion to compel, the parties agree that all of the documents, including deposition transcripts and business records maintained by LMHF and NYSTC, were previously obtained by Defendants in the New Jersey case. Defendants seek no additional search or production from these witnesses. Instead, Defendants have filed this motion in order to protect themselves from any accusation that they have violated restrictions on the use of these documents imposed by the District of New Jersey where they were originally produced.

The third-parties subject to the subpoenas have proposed to release most of the materials from any restriction limiting their use in this case. They exclude from their proposal the contracts between the health insurers and the pharmacy benefits managers ("PBMs") who supply

2

Copaxone to patients covered by health plans. The witnesses assert that they cannot agree to the use of these documents in the Vermont case without permission from the PBMs. Obtaining permission, they assert, is not easy, and it may even be withheld. They also contend that subpoenas are untimely under the scheduling order that governs this case.

The materials at issue are subject to sealing and confidentiality restrictions imposed by the District of New Jersey. Confidentiality Order, *In re Copaxone Antitrust Litigation*, No. 2:22-cv-1232 (D.N.J. Nov. 18, 2022), ECF No. 91.

**Timeliness**

By order dated September 17, 2025, the court accepted the parties' stipulated case schedule. The schedule provides for the "[e]nd of fact discovery (document discovery and fact depositions)" on January 30, 3026. Additionally, requests for production shall be served no later than 60 days before the end of fact discovery. (Doc. 188.) After counsel agreed to accept service, Defendants served the third-party witnesses with the subpoenas on January 13, 2026. The subpoenas were dated December 31, 2025, and called for production within 30 days. The 14 days allowed for an objection by Fed. R. Civ. P. 45(d)(2(B) expired on January 27, 2026. Counsel for the witnesses filed an objection on January 29, 2026. Defendants contend that the objection came too late and that the court should deem the objections to be waived. (Doc. 2 in No. 26-mc-58 at 2; Doc. 1-17 in No. 26-mc-66 at 9.)

On this undisputed record, the court will not grant the motion to compel on waiver grounds. The subpoenas were served within the fact discovery period. They were not served within 60 days of the end of that period, but they were not conventional requests for production either. As both sides understood, no "production" was expected from anyone. That bridge had been crossed in the New Jersey case when the same third-party witnesses—then appearing as

3

plaintiffs—filed objections and litigated these issues in that case. The subpoenas were issued for a different purpose which was to place the issue of use of the New Jersey materials before this court. The court therefore proceeds to consider the merits of the objections.

**Confidentiality**

Defendants received the documents subject to confidentiality conditions imposed by the District of New Jersey. This court will not seek to relitigate these conditions. Whatever conditions apply to the original production of the documents in New Jersey will apply in this case without alteration.

**Permission from the PBMs**

The three third-party witnesses represent that they have contracted with the pharmacy benefit managers to disclose records only with permission. The court cannot permit a private agreement between non-parties to trump the obligation of any party to comply with the court's subpoena authority. *See JoySuds, LLC v. N.V. Labs, Inc.*, No. 22-cv-3781, 2025 WL 1554559, at *3 (S.D.N.Y. June 2, 2025) ("Confidentiality agreements and nondisclosure agreements cannot preclude otherwise permissible discovery in federal litigation."); *Chambers v. Capital Cities/ABC*, 159 F.R.D. 441, 444 (S.D.N.Y. 1995) (" Absent possible extraordinary circumstances not involved here, it is against public policy for parties to agree not to reveal, at least in the limited contexts of depositions or pre-deposition interviews concerning litigation arising under federal law, facts relating to alleged or potential violations of such law." (footnote omitted)). The court recognizes that it has not heard from the PBMs who are neither parties nor witnesses in the case. The court allows 10 days for any PBM to file an objection or seek protective conditions concerning documents in the possession of the third-party witnesses (and now Defendants).

4

**Burden**

There can be little burden associated with extending the use of the documents previously produced to Defendants to this lawsuit. No one has to search, review, index or produce a single document. All that work has been completed. The only question before the court is whether the third-party witnesses can forestall the use of these documents in this case. If a document is relevant to the issues of class certification or merits, then it ought to be available to both sides. The court is not willing to prevent a party from offering a document in support of a motion or into evidence at trial on the ground that it was previously produced in a different case.

Similarly, the court rejects the argument that this is an impermissible case of cloned discovery. Cloned discovery generally refers to the lazy practice of demanding production of everything produced in a different case. It is strongly discouraged by courts since it amplifies the volume of discovery without any examination of the conventional limits for discovery such as relevance and proportionality. This case is different. The witnesses have already produced the material at issue to Defendants. The only issue is the scope of its use, not a reflexive request for more production.

Conclusion

Defendants' motions to compel (Doc 1 in No. 26-mc-58 and Doc. 1 in No. 26-mc-66) are GRANTED. The court ORDERS production of the documents already in Defendants' possession. The documents will remain subject to the same restrictions imposed by the District of New Jersey.

The non-party PBMs have 10 days to file an objection or seek protective conditions concerning the documents at issue.

5

No costs to either side.

Dated at Burlington, in the District of Vermont, this 17 day of June, 2026.

Geoffrey W. Crawford, Judge
United States District Court